Gibson, J.,
concurring in part. I concur with the majority that the allegations of the petition do not allege- facts consti *287 tuting a “taking” of plaintiff’s property within the meaning of Section 19, Article I, Ohio Constitution, or the Fifth Amendment to the United States Constitution. In my opinion, however, the allegations of the petition (1) that “said foul, poisonous, offensive and unhealthful stench [of defendant’s sewage disposal plant] has made plaintiff’s home and property unhealthful and unfit for use as a home for plaintiff and her family”, (2) that, “by reason of the offensive and unwholesome stench and # * insects, plaintiff is no longer able to sell bulk ice cream or to sell any foodstuffs * * * [from a store and restaurant operated on plaintiff’s property] as said foodstuffs become tainted from the stench and become inedible by reason of said insects”, and (3) that, “since the creation of the conditions hereinbefore complained of, said picnic area can not be so used”, do state a cause of action for nuisance.
The foregoing allegations are the usual allegations of a petition for nuisance where one landowner uses his property so as to unreasonably interfere with another landowner’s interest in the use and enjoyment of his land. That this was the plaintiff’s intention is clear from the second cause of action incorporating the foregoing allegations and alleging that “the nuisance complained of constitutes a subsisting and abatable nuisance”. The plaintiff prays for money damages, for “an order restraining and enjoining the defendant from maintaining said nuisance” and “for such other, further and additional orders and relief as the court may find plaintiff to be entitled to and justice and equity required.” The Court of Common Pleas and the Court of Appeals both treated the petition as alleging a cause of action for nuisance.
Section 3767.13, Revised Code, prohibits any person from causing or allowing offal, filth, or noisome substances to be collected or remain in any place to the damage or prejudice of others or of the public. It is conceded that, if these allegations regarding noxious odors and insects were proved and were caused by a private person or private corporation, plaintiff would be entitled to a judgment. In fact, until the decision of this court in Osborn v. City of Akron (1960), 171 Ohio St., 361, which held that the collection and disposition of garbage was a governmental function, this plaintiff received compensation *288 from the city of Akron for its unreasonable interference with her interest in the use and enjoyment of her land.
Having expressed my views in some detail with respect to the validity of distinction between so-called ‘ ‘ governmental ’ ’ and “proprietary” functions of municipalities in Hack v. City of Salem (1963), 174 Ohio St., 383, 391, I will not repeat them here. It should be noted, however, that the continued adherence to this unsound distinction forces injured plaintiffs, as here, to seek other legal theories for distributing the costs of the damages suffered by them.